IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Troy, III, ) | Civil Action No. 4:11-3373-TLW |
| ) | Cr. No. 4:04-811 |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court for consideration of the <u>pro se</u> motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, David Troy, III, (hereinafter "Petitioner" or "Defendant").

On September 28, 2005, a federal grand jury returned a Superseding Indictment against Petitioner and a number of co-defendants. (Doc. # 35). Count 1 of the Indictment charged Petitioner with conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine) and 5 kilograms or more of cocaine, in violation of Title 21 U.S.C. Sections 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. Section 846. Count 2 charged Petitioner with attempting to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by attempting a robbery of Clifton Deshawn Blackstock, in violation of 18 U.S.C. Sections 1951(a) and 2. Count 3 charged Petitioner with knowingly using and carrying a firearm during and in relation to and possessing a firearm in furtherance of drug trafficking crimes and a crime of violence, both of which are prosecutable in a court of the United States, and charged that in the course of this violation, the firearm was brandished and discharged, in violation of 18

1

U.S.C. 924(c)(1)(A) and 2. Count 4 charged Petitioner with being a felon in possession of a firearm and ammunition, in violation of Title 18 U.S.C. Sections 922(g)(1), 924(a)(2), and 924(e). On November 30, 2005, an Information pursuant to 21 U.S.C. Section 851 was filed. On January 4, 2006, Petitioner plead guilty to conspiring to distribute 5 grams or more of crack cocaine and 500 grams or more of powder cocaine, attempted robbery, using a firearm during and in relationship to a violent crime, and being a felon in possession of a firearm. Petitioner was sentenced on October 11, 2006. He received a downward departure at sentencing and was sentenced to a total term of imprisonment of 276 months. Petitioner did not file an appeal.

On December 12, 2011 (almost five years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. On January 4, 2012, the Government filed a motion to dismiss and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 374 & 375). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 5, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 376). Petitioner filed a response on February 3, 2012. (Doc. # 378). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.

28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's motion. (Doc. # 375). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

3

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In the alternative, the Government has moved for summary judgment. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner asserts a single ground for relief set forth verbatim are as follows:

1. In light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2377 (2010) and McNeill v. United States, 563 U.S. ___ (June 6, 2011), Petitioner is actually innocence [sic] of the enhancement he received pursuant to 21 U.S.C. Section 851(a)(1), because the prior drug conviction used to enhance his sentence is not a felony drug offense, and Petitioner is not a career offender.

Petitioner has filed a 28 U.S.C. § 2255 motion requesting that his sentence be vacated or set aside and that he be re-sentenced in light of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), McNeill v. United States, 131 S.Ct. 2218 (June 6, 2011), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Government opposes Petitioner's request for resentencing.

The Court will initially address the timeliness of Petitioner's Petition. A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Again, as previously noted, judgment in Petitioner's case was entered on December 18, 2006. Petitioner did not seek a direct appeal. Petitioner then filed the present motion on or about December 12, 2011 almost five years after his conviction became final. Accordingly, the Court concludes that Petitioner's Petition is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Petitioner contends that his motion should be considered timely because he filed it within one year of the U.S. Supreme Court's decision in McNeill v. United States, 131 S.Ct. 2218 (2011). The Government asserts that the McNeill decision, however, is inapplicable to Petitioner's case. In McNeill, the Supreme Court held that a district court when assessing whether a conviction may serve as a predicate for purposes of the Armed Career Criminal Act should "consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense." Id. at 2222. Thus, subsequent amendments to a state's sentencing schemes are irrelevant to the inquiry as the courts must look only at the law that existed at the time of the prior conviction. The McNeill decision plays no role in addressing Petitioner's claim that his prior 1999 North Carolina conviction for possession with intent to sell/deliver cocaine should not have served as a predicate offense for career offender purposes. Petitioner received a sentence of 8 to 10 months suspended on three years probation for this offense. The issue with Petitioner's prior cocaine conviction is not any subsequent change in North Carolina state law from the time of the 1999 conviction to the time of his federal sentencing, but instead is whether he personally faced more than one year in prison for the 1999 cocaine conviction.

The true gist of Petitioner's motion is that under the decisions of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) he should not have been classified as a career offender under the advisory sentencing guidelines. The McNeill decision did not stem from the Carachuri-Rosendo decision and therefore it cannot serve as the

starting point for the one year time limit. In fact, the McNeill decision does not even cite to Carachuri-Rosendo. The Simmons decision, which interpreted and applied Carachuri-Rosendo held that when assessing whether prior North Carolina convictions constitute predicate offenses courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. The Simmons decision expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Because the Carachuri-Rosendo decision is the Supreme Court decision on point with Petitioner's argument, it should serve as the starting point for the timeliness analysis. The Supreme Court issued Carachuri-Rosendo on June 14, 2010 and Petitioner filed the present motion on or about December 12, 2011. Therefore, the one year time limit passed well before Petitioner filed the present motion. Additionally, the Court notes that neither the Carachuri-Rosendo or McNeill, has been made retroactively applicable to cases on collateral attack. See 28 U.S.C. § 2255(f)(3). In fact, the Fourth Circuit has specifically addressed the retroactivity of Carachuri-Rosendo in its recent decision of United States Powell where the Court held as follows:

> Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.
>
> United States v. Powell, ___ F.3d ___, 2012 WL 3553630 (4th Cir. 2012).

After careful review and consideration, this Court concludes that it is constrained to conclude that Petitioner's motion should be dismissed as untimely under the relevant case law.[1] Moreover,

---

[1]The Court does not find that either of the other potential triggering dates set forth in Section 2255(f) apply to this case. Petitioner does not even allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period. Neither does he allege any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.

Nor does this Court's review of the record reveal a basis to support equitable

7

even were this Court to conclude that Petitioner's motion was timely, the Court would still be constrained to conclude that Petitioner's motion should be dismissed, based upon the Fourth Circuit's recent holding in Powell, which established the non-retroactivity of Cararchuri.

The Court does note that the Government makes additional persuasive arguments as to why relief may not be warranted in this action. The Court will briefly summarize those arguments here.

Petitioner's sole issue for vacating his sentence is that under the Simmons and Cararchuri-Rosendo decisions, his prior North Carolina conviction for possession with intent to sell/deliver cocaine was improperly used to enhance his sentence as a career offender. Petitioner pled guilty to four counts on January 4, 2006. As to the first count, he pled to the lesser included offense of conspiracy to distribute and possess with intent to distribute 5 grams or more of crack cocaine and 500 grams or more of cocaine. Count One carried a mandatory minimum sentence of 10 years based on a Section 851 enhancement for a prior 1999 North Carolina conviction for possession with intent to sell/deliver cocaine. Petitioner also pled guilty to Count Two, attempted robbery, and Count Three, use of a firearm during the commission of a violent crime. Finally, Petitioner pled guilty to Count Four, possession of a firearm by a convicted felon. Petitioner was deemed a career offender

---

tolling of the applicable one-year limitation period. The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). However, this doctrine does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. See id. In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." Id.

based on his prior 1999 North Carolina drug conviction and 1990 North Carolina assault with a deadly weapon conviction. The combined offense levels for these convictions yielded an advisory guideline range of 382 to 447 months based on the addition of 120 months from the 18 U.S.C. § 924© conviction in Count Three to the career offender guideline range of 262 to 327 months. Petitioner ultimately received a total sentence of imprisonment of 276 months after the Court granted the Government's motion for a downward departure.

The Government maintains that the Simmons decision provides Petitioner no relief because he was sentenced as a career offender. Petitioner was sentenced to a total sentence of imprisonment of 276 months as a career offender based, in part, on a prior North Carolina conviction for possession with intent to sell/deliver cocaine. Petitioner's designation as a career offender subjected him to an increased advisory sentencing guidelines range. Although, the Government concedes that if Petitioner had been sentenced based on the present case law his prior North Carolina conviction would not have been used as a predicate conviction for purposes of the career offender designation because Petitioner could not have received more than one year in prison, the Government also asserts that errors in the calculation of advisory guidelines are not, however, generally cognizable in Section 2255s.

Additionally, the Government notes that to the extent this same North Carolina conviction was the basis for the Section 851 enhancement, it did not subject Petitioner to a sentence that exceeded the statutory maximum sentence. Regardless of whether Petitioner faced a mandatory minimum of five years or ten years as to Count 1, the sentence imposed did not come close to exceeding the forty year statutory maximum sentence without the Section 851 enhancement.

Finally, the Government argues that despite its recognition of the change in law, Petitioner's motion should be denied because the claim is procedurally defaulted as it was not raised at the

district court or appellate level. Although procedural default can be excused based on cause and prejudice, Petitioner's motion is devoid of any alleged cause and/or prejudice for this procedurally defaulted claim. The Government also asserts that Petitioner cannot meet the fundamental miscarriage of justice standard. The increase in Petitioner's advisory guidelines range does not amount to a fundamental miscarriage of justice. The Fourth Circuit has held that "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999); see also Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc) (holding that a challenge to one's career offender designation is not cognizable in a Section 2255 motion). The Government notes that even with the career offender designation, Petitioner's sentence was well below the statutory maximum of life imprisonment for the 18 U.S.C. § 924(c) conviction and well below the forty year maximum for the drug conspiracy conviction.

Finally, the Government argues that Petitioner cannot satisfy the actual innocence standard for habeas relief. The Fourth Circuit recently addressed the concepts of procedural default and actual innocence in the context of sentencing enhancements in United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010). In Pettiford, the district court granted the defendant relief under Section 2255 because it found that two of the defendant's predicate offenses had been vacated and one other prior conviction would not be deemed a "violent felony" under present case law. The defendant, however, had not raised these issues at sentencing, nor had he raised them on direct appeal. In reversing the

district court's grant of habeas relief, the Fourth Circuit held that "the legal argument" that a prior conviction is no longer classified as a "violent felony" is "not cognizable as a claim of actual innocence" excusing procedural default. Id. at 284. Thus, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to the eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." Id. at 284. In keeping with Pettiford, the Government asserts that Petitioner's motion should be denied as the misapplication of the sentencing guidelines does not amount to a complete miscarriage of justice, nor has he demonstrated any cause or prejudice from the misapplication of the guidelines or actual innocence. Although the Court dismisses this case as untimely, it does note the Pettiford argument outlined by the Government is persuasive.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 370) and the Government's motion to dismiss is **GRANTED** (Doc. # 375). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253c, this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein and specifically, whether Petitioner's Petition is timely under the current state of the law.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

October 4, 2012
Florence, SC