IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Troy III,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:04-cr-00811-TLW-4<br>C/A No. 4:11-cv-03373-TLW<br><br>**Order** |

Before the Court is Petitioner David Troy III's motion for reconsideration of the Court's order dismissing Petitioner's § 2255 petition.[1] A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).[2]

Petitioner raises three grounds for relief: (1) that the Government treated him unfairly because it did not waive the statute of limitations defense in his case, even though it had done so for other defendants; (2) that the Fourth Circuit's decision in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) and the Eleventh Circuit's decision in *Spencer v. United States*, 727 F.3d 1076

---

[1] After this Court dismissed his § 2255 petition, he filed a direct appeal and the Fourth Circuit affirmed. *United States v. Troy*, 517 F. App'x 136 (4th Cir. 2013). Several months later, he filed this motion.

[2] The Court notes that a Rule 59(e) motion must be filed within 28 days of the entry of judgment, and this clearly was not. Fed. R. Civ. P. 59(e). He also cites Rule 60(b) in his motion, which requires the motion to be filed within a reasonable time, and for a motion under Rule 60(b)(1), (2), or (3), no later than one year after the entry of judgment. Regardless of how this motion is classified, the outcome would be the same.

1

(11th Cir. 2013), both of which were decided months after this Court ruled on his § 2255 petition, are intervening changes in law requiring reconsideration; and (3) that he is actually innocent of the sentencing enhancement under 21 U.S.C. § 851 and the sentencing guidelines' career offender provisions.

Regarding Petitioner's first ground for relief, he cites multiple cases from the Middle District of North Carolina in which the Government waived a statute of limitations defense on *Simmons*-related petitions. However, even to the extent that these cases are factually comparable to his, the Government is not required to prosecute all of its cases in the same manner. The Government did not waive the statute of limitations in this case, and in fact, specifically asserted it as a basis for dismissal, which the Court accepted. Petitioner's citation of other cases where the Government did waive the statute of limitations is not sufficient to compel reconsideration of the Court's order dismissing his petition.

Regarding Petitioner's second ground for relief, he is correct that *Miller* concluded that *Simmons* applies retroactively on collateral review. However, that does not affect the outcome of this case because his petition was still untimely. Additionally, as the Fourth Circuit has recently made clear, an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).[3]

Petitioner also cites the Eleventh Circuit's decision in *Spencer*, in which the panel

---

[3] The Court notes that he also challenges the use of his prior conviction as an § 851 enhancement, which had the effect of raising the statutory sentencing range on his drug conviction from 5 to 40 years to 10 years to life. However, as the Court noted in its order, ECF No. 389 at 9, regardless of whether the 5-year or 10-year mandatory minimum applied, his 120-month sentence on that count was not in excess of the 40-year statutory maximum that would have applied in the absence of the § 851 enhancement.

concluded that § 2255 review is available for "properly preserved and timely filed career offender sentence challenges . . . where an intervening and retroactive change in the controlling Supreme Court caselaw has made the career offender status erroneous." *Spencer*, 727 F.3d at 1091. However, since Petitioner filed his motion for reconsideration, the Eleventh Circuit has reviewed *Spencer* en banc, and the full court vacated the panel decision and reached the opposite conclusion, holding that "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc). The en banc court also explicitly held that this conclusion extends to defendants sentenced as career offenders. *Id.* at 1141–43. The now-vacated panel decision provides no support to Petitioner.

Regarding Petitioner's third ground for relief, as the Court noted in its order, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). He makes no suggestion that he is factually innocent of the prior North Carolina drug conviction, only that its legal classification is now different after *Simmons*. As a change in the legal classification is not sufficient to establish actual innocence under *Pettiford*, he is not entitled to relief on this basis.

For the reasons stated, the Court concludes that Petitioner has not set forth sufficient grounds to cause the Court to alter or amend its prior order. Therefore, his motion for reconsideration, ECF No. 404, is **DENIED**.

3

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 8, 2016
Columbia, South Carolina