IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:04-cr-00811-TLW-4 |
| v. | **Order** |
| David Troy III | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to the following charges:

Count 1:  Conspiracy to Possess With Intent to Distribute 5 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(iii), and 846;

Count 2:  Attempted Robbery, in violation of 18 U.S.C. § 1951;

Count 3:  Use of a Firearm During and in Relation to a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and

Count 4:  Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range on Count 1 was 10 years to Life, followed by at least 8 years of supervised release. PSR ¶¶ 101, 105.

At sentencing, Defendant was held accountable for the drug weights that he pled to—5 grams of crack and 500 grams of cocaine. PSR ¶ 18. His Guidelines range

1

at sentencing—after taking into account his classification as a career offender and his § 924(c) conviction—was 382 to 447 months, followed by 8 years of supervised release. PSR ¶¶ 102, 108. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing four levels from a Guidelines range of 360 months to Life (37/VI), his reduced Guidelines range became 235 to 293 months (33/VI).[1] The Court imposed a 276-month term of imprisonment, followed by an 8-year term of supervised release. ECF No. 239.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(B)(iii) by increasing the threshold amount of crack from 5 grams to 28 grams.

The Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy case involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated

---

[1] The Court used this departure point because it was the range on the sentencing table that most closely corresponded to the § 4B1.1(c)(2) range of 382 to 447 months.

2

with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

The next question is whether a resentencing without the career offender designation and the § 851 enhancement is appropriate in light of the Fourth Circuit's recent decision in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). In *Chambers*, the defendant was sentenced as a career offender based on a North Carolina drug conviction that counted as a career offender predicate conviction at the time of his sentencing, but would no longer count post-*Simmons*.[2] The district court denied his First Step Act motion because the judge believed that the First Step Act did not authorize the correction of a *Simmons* Guidelines error. The Fourth Circuit disagreed, holding that "any Guidelines error deemed retroactive, such as the error in this case, *must* be corrected in a First Step Act resentencing." *Chambers*, 956 F.3d at 668 (emphasis added).

This case presents the same scenario. Defendant was designated a career offender based on a North Carolina conviction for Possession With Intent to Sell / Deliver Cocaine, which resulted in a sentence of 8 to 10 months, suspended to 3 months probation. PSR ¶ 31. He argues that this conviction no longer counts for career offender purposes post-*Simmons*. ECF No. 482 at 3. The Government concedes the point. ECF No. 486 at 4 ("[Defendant] is correct in his assertion that based on [*Simmons*], his career offender status is based on a North Carolina drug

---

[2] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

3

conviction which no longer qualifies as a felony, and thus, no longer qualifies as a career offender predicate."). The Court agrees that *Chambers* requires the recalculation of Defendant's Guidelines range without the career offender enhancement.

Additionally, Defendant's § 851 enhancement was based on this same North Carolina conviction. He argues that that this conviction also no longer counts for § 851 purposes post-*Simmons*. ECF No. 482 at 3–4. The Government concedes this point as well. ECF No. 486 at 5 ("[I]t appears that [Defendant's] . . . statutory range should be recalculated without the § 851 enhancement."). As this Court has previously held, "[i]f, as *Chambers* held, the First Step Act requires the correction of a retroactive error in calculating the advisory Guidelines, then certainly the First Step Act also requires the correction of a retroactive error in calculating the statutory penalties." *United States v. Bennett*, No. 4:08-cr-00367-TLW-5, 2020 WL 3037199, at *3 (D.S.C. June 5, 2020). Thus, the Court concludes that *Chambers* requires the recalculation of Defendant's statutory range.

Without the § 851 enhancement, Defendant's statutory sentencing range on Count 1 is 5 to 40 years, followed by at least 4 years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B). Without the career offender enhancement, his Guidelines range on Counts 1, 2, and 4 is 70 to 87 months, based on a total offense level of 25 and a criminal history category of III. After adding the mandatory 120-month consecutive sentence on Count 3, his overall sentencing range becomes 190 to 207 months. This range roughly corresponds to a sentencing table range of 188 to 235

4

months (34/III), and after the same four-level downward departure, his ultimate sentencing range would be 121 to 151 months (30/III). The parties agree that this is the proper Guidelines range. *See* ECF Nos. 482 at 4–5, 486 at 5–6. Under the Guidelines, his term of imprisonment will be followed by a supervised release term of 4 to 5 years.[3]

For these reasons, the Court concludes that these errors "must be corrected in a First Step Act resentencing." *Chambers*, 956 F.3d at 668. In determining an appropriate sentence, the Court will consider the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. The Court notifies the parties that it is considering an upward departure or variance in this case based on the facts set forth in the Presentence Investigation Report and taken into consideration at the original sentencing. If either party intends to file any further submissions relevant to this question, they should do so within 14 days of the date of this order.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 19, 2020
Columbia, South Carolina

---

[3] His conviction on Count 1 now calls for a statutory term of supervised release of at least 4 years, so his Guidelines range on that count would be 4 years under § 5D1.2(c). However, his conviction on Count 3 calls for a statutory term of supervised release of up to 5 years, and under § 5D1.2(a)(1), his Guidelines range on that count becomes 2 to 5 years. When combined, his overall range of supervised release under the Guidelines becomes 4 to 5 years.

5