IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:04-cr-00811-TLW-4 |
| v. | **Order** |
| David Troy III | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The Court's prior order on this motion, filed August 19, 2020, provided a detailed explanation of the factual and legal background of this case. ECF No. 498. The Court incorporates that discussion here.

As a brief summary, the Court concluded that Defendant is eligible for a First Step Act reduction. His recalculated statutory sentencing range on Count 1 is 5 to 40 years, followed by at least 4 years of supervised release. As discussed in detail in the prior order, his ultimate Guidelines range is now 121 to 151 months (30/III), followed by 4 to 5 years of supervised release. However, the Court notified the parties that it was considering an upward variance from that range based on the facts set forth in the Presentence Investigation Report. Defendant then filed a supplemental brief that reiterates and expands on the arguments set forth in his prior briefs. ECF No. 500.

In considering whether or how much to reduce Defendant's sentence, the Court has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. The Court has also carefully

1

considered the arguments he raises in his briefs, including (1) the length of his prior sentences; (2) his age when he committed his most serious prior offense (an assault that he committed when he was 17 years old); (3) that this prior assault offense would not result in an adult conviction if it were committed today; (4) how his brain development may have impacted that assault offense; (5) that the Guidelines already account for the violence associated with the instant offense; (6) that his current sentence was incorrect when imposed and should be corrected; (7) that his current sentence creates an unwarranted sentencing disparity with those convicted of similar conduct today; (8) that nothing in his history or characteristics warrants an upward variance; (9) that he has already served 178 months on this offense, so the public has been protected from him for almost 15 years; (10) that his current age reduces the likelihood of recidivism; (11) that a Guidelines sentence would be just punishment that would promote respect for the law; and (12) that an upward variance would not give him credit for his cooperation. Having carefully considered these factors, the Court concludes that a sentence reduction is not warranted in this case.

The facts of this case bear repeating.

Defendant—a drug dealer in his own right—and others devised a well-thought-out plot to commit an armed robbery of another drug dealer. This was not a spur-of-the-moment idea. They rented a vehicle and outfitted it with a blue light to impersonate law enforcement.[1] With their newly outfitted vehicle, they located the

---

[1] They originally planned to rent a Ford Crown Victoria—a vehicle frequently used by police as a patrol car. But one was not available, so they settled for a large Buick.

2

intended victim, pulled in behind him, and activated the blue light. The victim, presumably believing that it was law enforcement behind him, pulled over.

As Defendant—who was armed with a 9mm pistol—and others were approaching the victim's vehicle, another accomplice also approached the victim and showed him a badge. Defendant unsuccessfully attempted to open the locked door to restrain the victim. He thought he saw the victim reaching for a weapon. Defendant then shot twice at the robbery victim from close range. One of the bullets struck the victim in the head, entering his left cheek. The bullet then traveled through his tongue and right jugular vein. It exited the right side of his neck. Defendant and his accomplices immediately fled the scene, leaving the victim bleeding profusely, with no concern other than avoiding being caught.

Once law enforcement and emergency personnel arrived on scene, the victim was life-flighted to the hospital. He was fortunate to survive the shooting, though he suffered significant injuries. As a result of being shot in the head, he has gunshot wound scars on his face and the right side of his neck. He sustained damage to his tongue. He had a C2 neck fracture caused by the bullet with laceration to his right internal jugular vein. He had to undergo a stent placement in his jugular vein. He had some residual difficulty with taste, right facial numbness, and an eyelid injury. He also suffered significant pain. He has PTSD as a result of the shooting. He also incurred substantial medical bills.

As to the facts, there is no question that Defendant shot with the intent to kill the victim. He fired twice at the victim's head from close range, hitting him with one

bullet and causing severe, life-threatening injuries. Again, the victim was fortunate to survive the shooting. These facts alone warrant a substantial sentence. Defendant is clearly violent and a danger to the public.

This case is also far from Defendant's first brush with the law. His prior record weights against a sentence reduction. He has a lengthy criminal record and at least one prior conviction for violent conduct. That conviction involved him assaulting the victim with a brick, resulting in a charge for Assault With Intent to Kill and a plea to Assault With Deadly Weapon Inflicting Serious Injury. Defendant argues that he was only 17 years old at the time of that offense and he cites research about brain development to support the implied proposition that he has aged out of that type of violent conduct. But that argument is not persuasive. The conduct in that case was violent. The conduct in his current federal case was extremely violent, and he committed this conduct when he was 32 years old. Two significant acts of violence warrant a significant punishment to provide adequate deterrence and protect the public.

Defendant also argues that the violent conduct in this case is already factored into the Guidelines calculation, primarily through application of a six-level enhancement due to the victim sustaining permanent or life-threatening bodily injury. While accurate, the Court concludes that the Guidelines, including the six-level enhancement, fail to adequately address the egregious conduct in this case, particularly when coupled with his criminal history. The Court also notes that this was very nearly a murder case. Again, the Court finds that Defendant shot the victim

from close range with the intent to kill him and he was fortunate to survive the shooting.

The Court also notes the process that occurred after Defendant pled guilty. The Government chose to allow him to cooperate against other co-conspirators, which is their prerogative. He did so. At sentencing, he was facing an original Guidelines range of 382 to 447 months. The Government filed a § 5K1.1 motion asking the Court to reduce his sentence based on the substantial assistance he provided against others. The Court granted a four-level reduction, which reduced his Guidelines range to 235 to 293 months. The Court imposed a 276-month (23-year) sentence. At the time the Court imposed this 23-year sentence, it had no expectation that, years later, there would be a change in the law that provides for a possible reduction. That 23-year sentence is still appropriate today when applying the § 3553(a) factors.

The Court has carefully considered Defendant's arguments as set forth above. But for the reasons stated, the Court concludes that a reduction is not warranted here. His current sentence, which includes a reduction for his cooperation, is appropriate when considering the facts of this case. After considering the facts of this case and the reasons set forth above, the Court concludes that a sentence less than 23 years would be inadequate. It is an appropriate sentence for this violent conduct, first the highly-orchestrated attempted robbery itself, and then shooting the victim in the head. Defendant also has a prior conviction for violent conduct on his record. Whether the Court's decision is viewed as an upward variance from the amended Guidelines range, a limitation on a First Step Act reduction after consideration of the

§ 3553(a) factors, or an outright discretionary denial under § 404(c) of the First Step Act, the bottom line is that a sentence within the amended range of 121 to 151 months is not sufficient in this case. *See United States v. Savillon-Matute*, 636 F.3d 119, 124 (4th Cir. 2011).

The facts that his statutory and Guidelines ranges would be different today and that he would no longer be a career offender do not provide a persuasive basis for a reduction in light of his serious, violent conduct in this case. If the current statutory and Guidelines ranges had been in place at the time of the original sentencing, after considering the § 3553(a) factors, the Court would have varied upward to impose the same sentence that it did originally on this defendant or any other defendant who committed similar conduct with a similar criminal background. Section 404(c) of the First Step Act also provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

For these reasons, the Court concludes that the current sentence of 276 months (23 years) is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Accordingly, no reduction is warranted and his motion, ECF No. 482, is therefore **DENIED**.

**IT IS SO ORDERED.**[2]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

November 10, 2020
Columbia, South Carolina

---

[2] In light of this order, the remaining outstanding motion in this case, ECF No. 475,

is terminated as **MOOT**.